IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIOVARX, LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>JERRY SAVEDRA AND VALLEY CAMPUS PHARMACY, INC., D/B/A TNH PHARMACY II,<br><br>        Defendants. | Case No.: 4:13-cv-03056 |

**DEFENDANT JERRY SAVEDRA'S RESPONSE TO PLAINTIFF BRIOVARX'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Defendant, Jerry Savedra ("Savedra"), files this Response to Plaintiff BriovaRx, LLC's ("Briova" or "Plaintiff") Motion for Voluntary Dismissal Without Prejudice as follows:

**I.
SAVEDRA REQUESTS THAT THIS CASE BE DISMISSED WITH PREJUDICE**

1.      Savedra agrees that this case should be dismissed with prejudice, and hereby adopts and joins in co-defendant Valley Campus Pharmacy, Inc., d/b/a TNH Pharmacy II's ("TNH") Response to Plaintiff's Motion to Dismiss ("TNH Response"). *See* TNH Response at Dkt. No. 43. Specifically, Savedra requests that the Court impose as a term and condition of dismissal that: (1) the lawsuit be dismissed with prejudice; or (2) Briova be required to pay Savedra's attorneys' fees and costs incurred in defending this lawsuit. Savedra further requests that the Court order all forensic images, electronic images, documents, and other materials obtained or copied from Savedra's personal iMac computer, iCloud account, and/or email accounts that are in the possession, custody, or control of the other parties, their attorneys, experts, and/or agents be immediately returned to Savedra's counsel of record, or at the option of

Savedra, destroy all such materials.

2. Savedra denies misappropriating or disclosing any of Briova's alleged trade secrets or confidential information, contrary to the numerous misleading and inflammatory accusations contained in Plaintiff's Complaint. One year has passed since Savedra resigned from Plaintiff, and Plaintiff has yet to identify a single instance of an unauthorized disclosure of a trade secret or other confidential information by Savedra.

3. Savedra has incurred substantial amounts of time and money defending himself against Plaintiff's baseless claims, and has suffered a substantial invasion of his personal privacy in turning over his personal iMac computer to Plaintiff's forensic expert for inspection, and in granting the expert full access to his personal iCloud and email accounts. Plaintiff's expert, Andrew Reisman, is currently in possession of forensic images of Savedra's computer, iCloud, and email accounts, which contain Savedra's attorney-client privileged information, and other confidential and personal information that has nothing to do with this case including personal information relating to family, friends, finances, and health information. In addition to dismissing this case with prejudice, the Court should order Plaintiff's experts, and all other parties, to immediately return all forensic images, documents, and other materials obtained or copied from Savedra's personal iMac computer, iCloud account, and/or email accounts to Savedra's counsel of record, or at the option of Savedra, destroy all such materials.

4. Furthermore, it is unfair for Savedra to be subject to future litigation and another forensic examination of his personal property especially when Briova has been unable or unwilling to specifically identify its claimed trade secrets and alleged damages in discovery. *See* TNH Response at Dkt. No. 43 at pages 4-8. Savedra is also concerned that Plaintiff intends to re-file this case out of state in Alabama, Illinois, or Maine, where Plaintiff claims it is a citizen.

See Complaint at Dkt. No. 1 at ¶ 11. Savedra denies that he is subject to personal jurisdiction in a court outside of Texas, and it would be a substantial financial hardship on him to be forced to contest jurisdiction in an out of state venue, or to re-litigate this case in any court inside or outside of Texas.

## II.
## THE COURT IS AUTHORIZED TO DISMISS THIS CASE WITH PREJUDICE AND ON OTHER TERMS THE COURT CONSIDERS PROPER

5.	Federal Rule of Civil Procedure 41(a)(2) specifically states "an action may be dismissed at the plaintiff's request only by court order, on terms that court considers proper." Although Briova has moved for a voluntary dismissal without prejudice, the Court can, if appropriate, order that the dismissal be with prejudice. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) ("We agree with these Circuits that Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice."). "[W]hen exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1502-03 (11th Cir. 1991). In order to protect Savedra from having to re-litigate Plaintiff's claims in the future, the Court should dismiss all claims against Savedra with prejudice. If the Court grants the dismissal without prejudice, Plaintiff should be required to pay Savedra's attorneys' fees and costs incurred in defending this lawsuit. Savedra further requests that the Court order all forensic images, electronic images, documents, and other materials obtained or copied from Savedra's personal iMac computer, iCloud account, and/or email accounts in possession, custody, or control of the other parties, their attorneys, experts, and/or agents be immediately returned to Savedra's counsel of record, or at the option of Savedra, destroy all such materials.

## PRAYER FOR RELIEF

Defendant, Jerry Savedra, prays that the Court impose as a term and condition of dismissal that: (1) the lawsuit be dismissed <u>with</u> prejudice; or (2) Briova be required to pay Savedra's attorneys' fees and costs incurred in defending this lawsuit. Savedra further requests that the Court order all forensic images, electronic images, documents, and other materials obtained or copied from his personal iMac computer, iCloud account, and/or email accounts that are in the possession, custody, or control of the other parties, their attorneys, experts, and/or agents be immediately returned to Savedra's counsel of record, or at the option of Savedra, destroy all such materials, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Donald R. Littlefield
    Donald R. Littlefield
    Texas Bar No. 12427350
    S.D. Texas I.D. No. 10026
    3700 Buffalo Speedway, Suite 250
    Houston, Texas 77098
    (713) 403-6400
    (713) 403-6410 (telecopy)

OF COUNSEL:

BALLARD & LITTLEFIELD L.L.P.

Susan A. Logsdon
Texas Bar No. 0999300
S.D. Texas I.D. No. 12364

**CERTIFICATE OF SERVICE**

      On July 7, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the CM/ECF electronic filing system. I hereby certify that I have provided copies to all counsel of record and pro se parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

      /s/  Donald R. Littlefield
      Donald R. Littlefield