IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIOVARX, LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION H-13-3056 |
| | § |
| JERRY SAVEDRA AND VALLEY CAMPUS PHARMACY, INC. d/b/a TNH PHARMACY, | § |
| | § |
| | § |
| | § |
| | § |
| Defendants. | § |

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause, alleging misappropriation of Plaintiff BriovaRx LLC's confidential information including trade secrets and "highly sensitive patient protected health information subject to protections under the Health Insurance Portability and Accountability Act of 1996, are (1) Plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2)(instrument #42) and (2) Plaintiff's and Defendant Jerry Savedra's ("Savedra's") agreed motion to suspend all pending deadlines and continue trial (#48) until the Court rules on #42, the latter motion opposed by Defendant Valley Campus Pharmacy, Inc. d/b/a TNH Pharmacy II ("TNH").

Because the first motion determines the status of the second, the Court first addresses the motion for voluntary dismissal.

### Standard of Review

Federal Rule of Civil Procedure 41(a)(2) deals with dismissal

of actions "by order of the Court," which states in relevant part:

> Except as provided in Rule 41(a)(1),[1] an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

See *Harris v. Devon energy Production Co., LP*, 500 Fed. Appx. 267, 268 (5th Cir. Dec. 7, 2012), *citing In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). Rule 41(a)(2)'s main purpose is to evade voluntary dismissals that "'unfairly affect the other side.'" *Id.*, quoting *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Although voluntary dismissals should be freely permitted, the court should deny a plaintiff's request if the "'non-moving party will suffer some plain legal prejudice.'" *Id.*, quoting *Elbaor*, 279 F.3d at 317. Examples of plain legal prejudice include an attempt to dismiss a suit at a late stage of the legal proceedings, trying to circumvent an imminent adverse decision in the suit, or where a

---

[1] Pursuant to Rule 41(a)(1), a voluntary dismissal by the plaintiff

> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> > (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> >
> > (ii) a stipulation of dismissal signed by all parties who have appeared.

refiling of the action would deprive a defendant of a limitations defense. *Id., citing In re FEMA Trailer*, 628 F.3d at 162. Where "a plaintiff 'fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal.'" *Id., quoting Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991). The prospect of a second suit or incurring additional expense does not constitute plain legal prejudice. *Id., citing Elbaor*, 279 F.3d at 317 & n.3. If the court determines that a dismissal without any conditions will cause the defendant plain legal prejudice deny the motion or impose conditions that the court finds will cure the prejudice. *Id. citing id.* at 317-18. The court must not craft conditions that are overbroad. *Elbaor*, 279 F.3d at 320. One alternative available to the court is to dismiss the action with prejudice. *Harris,* 500 Fed. Appx. at 268, *citing Elbaor* at 319. Dismissal with prejudice is the "harshest condition available to it." *Elbaor*, 279 F.3d at 319. If the court chooses to craft conditions, the plaintiff must be given an opportunity to withdraw its motion to dismiss rather than accept those conditions. *Elbaor*, 279 F.3d at 320.

### Plaintiff's Motion for Voluntary Dismissal

Plaintiff seeks dismissal of this suit without prejudice. Defendants instead request the Court to impose as a term or condition of dismissal either (1) that the suit be dismissed with

prejudice or (2) that Plaintiff be required to pay their attorneys' fees and costs incurred in defending this suit.[2] #42 and 44. Savedra additionally seeks a court order requiring the other parties and their experts to return to Savedra's attorney all forensic images, electronic images, documents, and other materials obtained or copied from Savedra's personal iMac computer, iCloud account, and/or email accounts that they possess or have in their custody or control or that they destroy these materials.

The Court has reviewed the briefing and the arguments of all parties (#42, 43, 44, 45, 46). The parties disagree about whether Plaintiff had a valid basis for filing this action, whether Plaintiff adequately defined its claimed appropriated trade secrets who lacked diligence and/or delayed this litigation, when the parties, whether the motion for voluntary dismissal filed "late" into the litigation, whether Plaintiff is trying to avoid an adverse decision, and whether Defendants would face future litigation if Plaintiff refiles its claims. On the current record, indeed without a full and obviously very long hearing, which would only add to the expense and time already complained of, the Court

---

[2] *See, e.g., Radiant Technology Corp. v. Electrovert USA Corp.*, 122 F.R.D, 201, 206 (N.D. Tex. 1988)("RTC's motion to dismiss is granted on the condition that it pay to Electrovert its attorney's fees and costs of court that are not directly usable in the California action."); *Yoffe v. Keller Industries, Inc.*, 580 F.2d 126, 129 (5th Cir. 1978)(a court has ample authority to award attorneys' des as a term and condition of a voluntary dismissal in order to protect defendants.).

cannot determine who should prevail on any of these contested issues. The one thing the parties do agree on is that this case should be dismissed. Furthermore, there is no evidence that establishes that Defendants or their experts currently have possession of any of the alleged appropriated materials. Accordingly, in its discretion and in the interests of justice, to protect Defendants from potential recurrent litigation, the Court

ORDERS under Rule 41(a)(2) that Plaintiff's motion to dismiss is partially GRANTED and this case is DISMISSED with prejudice. Therefore Plaintiff's and Defendant Jerry Savedra's ("Savedra's") agreed motion to suspend all pending deadlines and continue trial (#48) is MOOT.

A final judgment will issue by separate order.

**SIGNED** at Houston, Texas, this 20th day of February, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE